# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS A. BAKER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-111-C |
| ) | |
| GARFIELD COUNTY ) | |
| DETENTION FACILITY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state pre-trial detainee appearing *pro se*[1] and *in forma pauperis*, has filed a Second Amended Complaint alleging violation of his civil rights under 42 U.S.C. § 1983. (Doc. 15). United States District Judge Robin J. Cauthron referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B). (Doc. 3). Plaintiff asserts a failure to protect claim under the Eighth Amendment. (Doc. 15). Having conducted a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends that the court dismiss Plaintiff's official capacity claims against Defendants Rivers and Austin LNU and dismiss Plaintiff's claim against Defendant Huerta. The undersigned

---

[1] A pro se litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

recommends finding that Plaintiff has stated a claim against Defendants Rivers and Austin LNU in their individual capacities.

### I.     Plaintiff's Complaint

Plaintiff's Second Amended Complaint was filed as the result of a somewhat complicated history of correspondence with the court.  On January 15, 2021, Plaintiff signed a Pro Se Prisoner Civil Rights Complaint that was mailed on February 11, and received and filed by the Court Clerk on February 12, 2021.  (Doc. 1).  Also on January 15, 2021, Plaintiff signed a Complaint for a Civil Case that was mailed on February 11, and received and filed by the Court Clerk as an "Amended Complaint" on February 18, 2021.  (Doc. 5).  Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs on February 18, 2021.  (Doc. 6).

On February 18, 2021, <u>before</u> receiving the notice of filing of the Complaint for a Civil Case (Doc. 5) and the Application to Proceed (Doc. 6), the court filed an Order to Cure (Doc. 4), directing Plaintiff to cure deficiencies in his initial filing (referring to Doc. 1) and to either pay the filing fee or apply to proceed without prepayment of fees.  <u>After</u> receiving the Complaint for a Civil Case (Doc. 5) and the Application to Proceed (Doc. 6), the court issued a second Order to Cure on February 26, 2021 (Doc. 9), again directing Plaintiff to cure deficiencies in his initial filings and his Application to Proceed.  Plaintiff then filed a proper Application to Proceed (Doc. 10), which was granted, and the court placed Plaintiff on a payment plan for the $350 filing fee.  (Doc. 11).  Plaintiff subsequently paid the entire $350 fee on March 18, 2021.  (Doc. 12).

However, Plaintiff's initial filing was still deficient, and on March 30, 2021, the court gave Plaintiff "one more opportunity to assert the entirety of his claims and all of the defendants on the proper form," to be filed as a "Second Amended Complaint" by April 20, 2021.  (Doc. 14, at 2).  Plaintiff was advised that "[t]he Second Amended Complaint must contain all of Plaintiff's allegations, and name all defendants, the capacity in which they are sued, information regarding his claims, and the relief he seeks."  (*Id.* at 3).

Plaintiff then filed a Second Amended Complaint dated April 6, 2021.  (Doc. 15). Plaintiff names three Defendants: Daylon Rivers, Captain of Garfield County Detention Facility ("GCDF"), Austin LNU, Detention Officer of GCDF, and Michael Huerta, former inmate at GCDF.  (*Id.*, at 4-8).  Plaintiff has indicated that Defendants Rivers and Austin LNU are being sued in their individual and official capacities.  (*Id.* at 4).  Plaintiff alleges one claim: "failure to protect from harm."  (*Id.* at 5).  He alleges that the GCDF officers "knew of pending assault and refused to acknowledge or prevent.  Later Huerta and Austin [Detention Officer] was trying to get another beatdown hit on me, and Austin [Detention Officer] listened in and said and did nothing."  (*Id.* at 6).  Plaintiff requests as relief "$1,000,000 to fix my face and cover any medical damages, also to cover any trauma costs."  (*Id.*)

## II.   Screening

Federal law mandates the screening of complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  On review, this court must dismiss a complaint or any portion of it presenting

claims that fail to state a claim upon which relief may be granted. *Id.* at §§ 1915A(b); 1915(e)(2)(B)(ii).

### III. Plaintiff's Claims Against Defendants Rivers and Austin LNU in Their Official Capacities and Against Defendant Huerta Should Be Dismissed.

Plaintiff names Defendants Rivers and Austin LNU, both GCDF employees, in their official and individual capacities. Claims brought against municipal employees in their official capacities are considered to be claims for municipal liability against the county. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ("Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (holding that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Thus, Plaintiff's official capacity claims against Defendants Rivers and Austin LNU are liberally construed as a claim for municipal liability against Garfield County.

To assert a claim for municipal liability, a plaintiff must first demonstrate the existence of a "municipal policy or custom" in one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City and Cty. Of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).

Plaintiff has alleged that two detention officers had knowledge of a pending assault against Plaintiff and failed to intervene. Liberally construed, such an allegation does not implicate a policy or custom of Garfield County. Thus, Plaintiff's official capacity claims against Defendants Rivers and Austin LNU should be dismissed for failure to state a claim upon which relief can be granted.

With regard to Defendant Huerta, the Second Amended Complaint alleges that he "was a inmate facing murder" who was housed at GCDF but has since been transferred. (Doc. 15, at 8). To state a claim under § 1983, a plaintiff must allege both that he has been deprived of a federal right and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "Thus, the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)). Plaintiff has failed to state a claim against Defendant Huerta under § 1983 because there are no facts suggesting he acted under color of state law. Thus, Plaintiff's claim against Defendant Huerta should be dismissed.

### IV. Plaintiff Has Stated a Claim Against Defendants Rivers and Austin LNU in Their Individual Capacities.

Liberally construed, Plaintiff's Second Amended Complaint states a claim against Defendants Rivers and Austin LNU in their individual capacities for failure to protect. The Eighth Amendment "imposes duties" on prison officials, including the duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted). This duty requires that prison officials "protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation marks omitted).

> To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration present an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm, [i]n other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (internal quotation marks omitted). Plaintiff's Second Amended Complaint alleges that Defendants Rivers and Austin LNU were aware of a pending assault against Plaintiff and refused to intervene. (Doc. 15, at 6). Plaintiff also alleges Defendant Austin LNU attempted to orchestrate a different assault on Plaintiff. (*Id.*) Liberally construed, the undersigned finds Plaintiff has stated a claim for failure to protect against Defendants Rivers and Austin LNU in their individual capacities.

### V. Recommendation and Notice of Right to Object.

For the reasons stated, the undersigned recommends that Plaintiff's claims against Defendants Rivers and Austin LNU in their official capacities and against Defendant

Huerta be dismissed for failure to state a claim. The undersigned further recommends finding that Plaintiff has stated a claim for failure to protect against Defendants Rivers and Austin LNU in their individual capacities. **The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by Friday, July 16, 2021**, in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 25th day of June, 2021.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE